McFarland, J.,
delivered the opinion of the court:
The point made in the petition to rehear is, that the policy of insurance, having been procured by the husband in the name of the wife, is not governed by our statutes, Code, secs. 2478 and 2479 [Shannon’s Code, secs. 4231 and 4232], exempting the proceeds of policies from the claims of creditors. And as the policy was effected by the hus *95 band, and the premiums paid by him while he was largely indebted, perhaps to insolvency,- that his creditors have the right to reach the proceeds, at least to the extent of the premiums paid by him, as they could reach any other property or assets of his transferred in fraud of their rights, and this independent of the question of the assignment or transfer of the policy.
This question is not fairly made by the pleadings; at least this is doubtful. The defendants had possession of the policy, claiming to hold it as collateral security for a debt of the husband, tmder an alleged assignment from the husband and wife. By agreement, the transfer was canceled and the policy paid, and a sum sufficient to meet the debt placed in the hands of a third party to await .the determination of the question of the defendants’ rights under the assignment. The complainant then filed her bill, claiming the entire proceeds of the policy, and denying the assignment. The bank answered, setting up its claims under the assignment.
It is true the answer says the husband was insolvent during the time the policy was kept up by him; but the claim was put upon the ground of the assignment. If any right could exist in the creditors to reach the proceeds of the policy upon the ground claimed, it would probably have to be by bill charging the misapplication or transfer of tie husband’s money with intent to hinder and delay creditors, as other fraudulent conveyances or transfers are attacked.
But if the question was fairly made, we think the complainant’s claim superior. Our statute expressly provides that where a. husband effects a policy upon his own life, the proceeds shall go to the widow and children, without being in any manner subject to the debts of the husband by attachment, execution, or otherwise; with the same provision where the wife effects the policy upon the life of her husband. These provisions are without limitation or restriction, and make no exception in reference to cases where *96 the husband was insolvent during the time the premiums were paid, and manifestly no such exception was contemplated. The creditor would have his legal remedies ágainst the available assets of the husband during his life, but if, notwithstanding this, the husband manages to keep the policy alive, the creditor cannot reach the proceeds.
Now, if it be conceded that the policy in this case is not embraced within either of the sections of the Code referred to, because it was effected by the husband, and was in terms made payable to the wife, still it would be manifestly inconsistent to hold that the husband may effect a policy on his own life, payable to his own representative, and pay the premiums while insolvent, and yet the proceeds be exempt from the claims of creditors; while, on the other hand, if the policy be in terms payable to the wife, the creditor may r&ach the proceeds to the extent the premiums were paid by the husband. But, besides, it is not clear that sec. 2479 [Shannon’s Code, sec. 4232] does not, in terms, cover this sort of a case. It says that whenever a married woman causes a life insurance to be effected upon her husband’s life, it shall, in no case, be subject to the husband’s debts. Tiffs is not- accompanied by any condition that the premiums shall be paid out of the separate estate of the wife. If paid in any other way, they are of course' paid with the money of the husband. And neither this or the preceding section in terms specify whether the policy shall be payable to-the husband himself or to the wife, and the two together were probably intended to cover either case.
We are satisfied wdth our former conclusion upon the question of facts as to the transfer of the policy.
Petition dismissed.